HOUCHIN & MOOR v. TURNER et al.

It appearing from the record that the judge below rightly refused to appoint a receiver, the                    *Judgment is affirmed.*

March 26, 1892.  By two Justices.  Argued at the last term.

Receiver.  Before Judge MARSHALL J. CLARKE.  Fulton superior court.  January 27, 1892.

The exception is to the refusal to appoint a receiver, and to the ruling that the court below had no power to do so in this case.  The petitioners and Turner had made a contract dated September 14, 1891, by which petitioners agreed to furnish and erect for Turner a suspended cable road at the exposition grounds in Fulton county, with engine, car, etc., and complete the same by October 19, 1891, the opening day of the Piedmont Exposition, for which Turner was to pay $4,442; payments to be made, $1,500 on September 21st, $1,000 when the plant was ready to erect, and balance when complete and the car was running.  To the December term, 1891, of the city court of Atlanta, a suit was brought in favor of petitioners against Turner et al., alleging that the contract was made by Turner for himself and the other defendants, that plaintiffs had completed the work in accordance with the contract and very nearly within the time prescribed by it, that the delay was caused by the fault of defendants in having ordered changes in regard to certain portions of the work, and that there was a balance of $2,423.65 due by the defendants on the contract and for some extras ordered during the progress of the work.

The petition for receiver alleged that petitioners had commenced their action against defendants in the city court for the recovery of damages from breach of contract as therein set forth, said petition being to the court shown, petitioners alleging that they have completed the contract with defendants according to its terms and as

nearly as possible within the time limited therein; that defendants deny said claim of petitioners, which forms an issue which can only be determined by a final verdict and judgment in said case; and that the property which is the subject-matter of said litigation consists in part of an engine, boiler and wire cables, worth from $1,500 to $2,000, and located at the exposition grounds near Atlanta. The defendants demurred and answered in brief: The suit in the city court is simply for an alleged breach of contract, and in no sense touching the title or possession of the railroad. Plaintiffs were to build a railroad as by the contract which they allege has been complied with, and sue for the contract price, while defendants assert that plaintiffs have not complied with it and that they are not responsible to plaintiffs in any sum. Plaintiffs did not comply with the contract within the time agreed upon, nor have they ever completed it. The real value of the railroad depended upon its completion by the opening day of the Piedmont Exposition. During that exposition the railroad was to be used to advertise the overhead cable railroad to be built, and, in addition to the advertisement, to carry pleasure parties in attendance upon the exposition, for which a charge was to be made. This charge would have more than paid the expense of constructing the railroad. It was not finished at the opening of the exposition, nor during the exposition, nor since. It was well understood that plaintiffs were never to be paid more than the sum agreed to be paid up to the time the plant was ready to erect, unless the railroad should be completed and should be running. It can be completed and placed in a running condition, and could have been so placed but for the want of push and skill of plaintiffs. The railroad as now situated is almost worthless to defendants; it is isolated and almost worthless for advertising purposes, and there is no chance for income from the carriage of passengers. It

was a part of the contract on the part of plaintiffs that the cable and all the other machinery should be painted so as to protect it from the weather. Plaintiffs did not do this but willfully deserted the work without doing it. This want of paint is the only element of danger to the road. The cable, car and almost all the machinery is too bulky to be in danger from thieves or trespassers; the only real good a receiver could do is to paint the cable and lock up the machinery. Under the contract the painting should be done by plaintiffs, and the engine-house can be locked without a receiver. Defendants are solvent, have made no effort to interfere with the possession of the road, etc. The defendants other than Turner alleged that the contract plaintiffs made was with Turner; that they made no such contract with these defendants, nor were they under any legal liability to plaintiffs by reason of the contract or by reason of any of the matters set forth in the action; that defendants were making no effort to interfere with the possession of the road, were in no way controlling it, had in no way interfered with plaintiffs' care of it, nor done anything to take any part of the plant out of the control of plaintiffs.

HALL & HAMMOND, by brief, for plaintiffs.

ROSSER & CARTER and C. T. LADSON, for defendants.

---

THE METROPOLITAN RUBBER COMPANY et al. v. THE AT-
LANTA RUBBER COMPANY et al.

The evidence not showing any abuse of discretion by the judge below in refusing to grant an injunction and appoint a receiver, the
*Judgment is affirmed.*

March 26, 1892. By two Justices. Argued at the last term.

Injunction and receiver. Before Judge MARSHALL J. CLARKE. Fulton superior court. January 28, 1892.

The Metropolitan Rubber Co. and the New Jersey